BROWN AND OTHERS *v.* STORY.

Where a party pending the suit is admitted to prosecute a defence in *forma pauperis*, he is not excused from the payment of the costs which accrued before he was admitted to defend in that manner.

Whether, under the statute of this state, a party can be admitted in any case to defend in *forma pauperis?* *Quære.*

THIS was an application for leave to defend in *forma* August 24th. *pauperis.* The defendant commenced a suit at law against the complainants, whereupon they filed a bill in this cause and obtained an injunction staying the suit at law. Exceptions were taken to the defendant's answer, which, on reference thereof, were allowed by the master. In addition to the application for leave to defend in *forma pauperis*, the defendant asked to be excused from payment of the costs on the exceptions.

*B. F. Butler*, for the complainants.

*William Kent*, for the defendant.

THE CHANCELLOR:—I have already had occasion to say that applications of this kind ought not to be encouraged in this country, where, if a party has a just claim or valid defence, solicitors and counsel are always ready to assist him on receiving the trifling disbursements which must be paid to other officers of the court. A claim to be excused from paying costs already accrued has never been allowed. (Mosel. Rep. 68 ; *Wilkinson* v. *Belcher*, 2 Brown's Ch. Cas. 272.) Even after a party is admitted to prosecute as a *pauper, he is liable for the costs of any irregular or improper proceedings on his part. (*Home* v. *Ailoff*, Tothill, 139.) [*589]

It is at least doubtful whether a party is to be permitted to defend as a pauper in any case.[1] In England the right

[1] 2 R. S. (4th ed.) 688, secs. 1, 2, 3.

to sue and defend in Chancery, in *forma pauperis*, depends upon the rules of the court. The statute, (11 Hen. 7, ch. 12,) only extends to suits prosecuted in the common law courts. And it has there been held that a party is not entitled to defend as a pauper, except in the particular cases provided for in a subsequent Act of Parliament. (Barnes' Notes, 328; 5 Bac. Abr. tit. *Pauper*, B. p. 299.) The statute of this state, (1 Rev. Laws, 524,) provides for the prosecution of suits by poor persons in Chancery as well as at common law, but makes no provision for a defence of a suit in *forma pauperis*. In order to obtain that privilege the defendant would be compelled to swear he was not worth, and had not in his possession or within his power or control, property or other means to the amount of 5*l.*; and he would not, as in the case of a complainant, be permitted to except to the subject matter of the litigation. In *Spencer* v. *Bryant*, (11 Ves. 49,) Lord Eldon decided that an affidavit of the defendant that he was not worth 5*l.*, except the matter in question, was not sufficient to authorize him to defend in *forma pauperis*.

But in this case the affidavit is wholly insufficient. It appears that, in addition to the defendant's claim of $15,000 against the Browns, the United States are indebted to him for wages, and he has already paid his solicitor and counsel in this cause $74. He produces no certificate from them that in their opinion he has a good and sufficient defence in this suit, and he does not even himself swear that he has a meritorious defence to the bill filed by the complainants in this cause.

The petition must be dismissed with costs.